```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL L. SAUNDERS,<br><br>        Plaintiff,<br><br>    v.<br><br>CAMDEN COUNTY CORRECTIONAL<br>FACILITY; WARDEN DAVID OWENS;<br>FREEHOLDERS,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-6901(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Michael L. Saunders, Plaintiff Pro Se
518 Trenton Ave
Camden, NJ 08103

**SIMANDLE, District Judge:**

    The Court is in receipt of a letter from Plaintiff Michael Saunders asking the Court not to dismiss his complaint for failure to state a claim. Letter, Docket Entry 12. The Court will interpret this as a motion for reconsideration and deny it accordingly.

    1.    Plaintiff filed a complaint on October 11, 2016 alleging he was detained in the Camden County Correctional Facility ("CCCF") in 2005, 2009, and 2012, "each time for several months before being transferred to state prison." Complaint § III. He alleged that he had to sleep on the floor of

the cells during each of these periods of incarceration due to there being three other inmates in there with him at the time. *Id.* He claimed that the units were so crowded, he often had to stand to eat meals. *Id.*

2. He further alleged that the shower area was dirty, law library time was limited, and that the kitchen was infested with mice. He stated that staph infections and boils were common. *Id.*

3. The Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff was proceeding *in forma pauperis*. As the Court explained in its opinion, § 1915 requires the Court to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

4. The Court dismissed the complaint for failure to state a claim because it was clear on the complaint's face that Plaintiff's claims arose more than two years before he filed his complaint.

5. Plaintiff sent a letter to the Court asking it to keep his case open because he "worked several days & hours" to prepare his complaint and he "filled out the form to the best of [his] ability." Letter at 1-2.

6. Local Civil Rule 7.1 allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling

decisions which the party believes the Judge or Magistrate Judge has overlooked ...." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

7.  To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994).

8.  The Court will deny the request to reinstate the complaint. The complaint was dismissed because Plaintiff filed it too late.

9. According to Plaintiff, he was incarcerated in CCCF in 2005, 2009, and 2012. Claims under § 1983 must be filed in state or federal court within two years of the date of the claim's accrual, meaning the date when "'plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

10. Plaintiff would have known about the allegedly unconstitutional conditions of confinement at the time he was in CCCF. *See McCargo v. Camden Cty. Jail*, 693 F. App'x 164, 166 (3d Cir. 2017) ("His claims accrued as he endured the circumstances while confined."). Therefore, Plaintiff had until 2014 at the latest to file his § 1983 complaint.

11. Plaintiff did not file his complaint in this Court until October 11, 2016, two years after the time for filing a § 1983 complaint expired. Nothing in Plaintiff's letter warrants extending the statute of limitations. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

12. The Court properly dismissed the complaint because Plaintiff filed it too late. Mere disagreement with the Court's decision is not a basis for reconsideration. *See P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

13. For the reasons stated above, the motion for reconsideration is denied. An appropriate order follows.

**March 14, 2018**            **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              U.S. District Judge